UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Desiree Montfort, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> -v.-<br><br>Asset Recovery Solutions, LLC<br>Navient Solutions, LLC and<br>John Does 1-25<br><br>        Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Desiree Montfort (hereinafter, "Plaintiff" or "Montfort"), a Florida resident, brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC against Defendant Asset Recovery Solutions, LLC (hereinafter "Defendant ARS") and Defendant Navient Solutions, LLC (hereinafter "Defendant Navient"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

1

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Broward, residing at 3875 NW 7th Place, Deerfield Beach, FL 33442.

8. Defendant ARS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2200 E. Devon Ave, Ste 200, Des Plaines, IL 60018.

9. Upon information and belief, Defendant ARS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Navient is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address 12061 Bluemont Way, Reston, VA 20190.

11. Upon information and belief, Defendant Navient is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. to whom Defendant ARS sent an initial collection letter attempting to collect a consumer debt;

    c. whose letter states that Defendant Navient will not sue the consumer;

    d. without clearly stating that the consumer could no longer be sued by any party;

    e. Additionally the letter, fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment;

    f. Moreover, the letter fails to include the mandatory disclosures that interest, fees and costs are continuously accruing or, in the alternative, the creditor and/or Defendants have made the decision to waive accruing interest and fees and would accept the amount stated on the collection letter as payment in full;

    g. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

 b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is \whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

 c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

 d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter.

> Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.
>
> e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to November 20, 2017, an obligation was allegedly incurred to Sallie Mae Bank.

24. The Sallie Mae Bank obligation arose out of the issuance of student loans which Plaintiff used primarily for personal, family or household purposes.

25. The alleged Sallie Mae Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Due to her financial constraints, Plaintiff could not pay the alleged debt, and it went into default.

27. Sometime thereafter, Defendant Navient purportedly purchased the alleged debt.

28. Defendant Navient, a subsequent owner of the Sallie Mae Bank debt, contracted with the Defendant ARS to collect the alleged debt.

29. Defendant ARS and Defendant Navient collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

30. On or about November 20, 2017, Defendant ARS sent Plaintiff an intial collection letter (the "Letter") regarding the alleged debt owed to Defendant Navient. See a true and correct copy of the Letter attached as Exhibit A.

### *Violation I- November 20, 2017 Collection Letter*

31. The very bottom of the Collection Letter states in part: "The law limits how long you can be sued on a debt. Because of the age of your debt, Navient will not sue you for it…"

32. The alleged debt is time-barred, meaning that Defendant Navient cannot sue Plaintiff.

33.     The Letter implies that Defendant Navient has chosen not to sue ("will not sue you"), instead of the true fact that neither Defendant ARS, nor Defendant Navient, nor any subsequent creditor/collector can file a lawsuit.

34.     The statement contained in Defendant ARS's letter is materially deceptive to the unsophisticated consumer, who would believe that Defendant Navient or a subsequent creditor has the option to change its mind should he/she not pay the alleged debt.

35.     Moreover, the Collection Letter is completely silent as to the rights of the debt collector, Defendant ARS, to file a lawsuit against the consumer.

36.     Finally, the Collection Letter is materially deceptive as it fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt will recommence upon payment by Plaintiff.

37.     Defendants made deceptive and misleading representations when they communicated to Plaintiff that Defendant Navient was opting not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

38.     As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

*Violation II- November 20, 2017 Collection Letter*

39.     The top of the letter states "Total Current Balance: $83,581.15."

40.     The letter fails to disclose to the consumer that the account continues to accrue fees and interest.

41. Failure to account for the accrual of fees and interest or the breakdown of same is deceptive and misleading as Plaintiff was unable to determine whether interest and fees would continue to accrue until the debt is settled.

42. If interest and fees will continue to accrue during the collection process, the collection letter must explicitly state so accordingly.

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> ***Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.*** We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts. (Emphasis Added)
>
> Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016).

43. Defendant's failure to disclose more information about the accrual of interest and fees was confusing to Plaintiff since it was unclear as to if and when her account would continue to be charged additional fees and interest.

44. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Defendants made deceptive and misleading representations when they communicated to Plaintiff that Defendant Cavalry was choosing not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

49. Further, Defendants failed to advise that any payment made on the debt by Plaintiff would restart the statute of limitations for bringing a lawsuit.

50. Finally, Defendants deceptively failed to include the required disclosure that Plaintiff's account was continuing to accrue interest and fees in violation of §1692e(10).

51. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

52. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Desiree Montfort, individually and on behalf of all others similarly situated, demands judgment from Defendant Asset Recovery Solutions, LLC and Defendant Navient Solutions, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 29, 2018                                      Respectfully Submitted,

                                                             **ZEIG LAW FIRM, LLC**

                                                             */s/ Justin Zeig*
                                                             Justin Zeig, Esq.
                                                             FL Bar No. 112306
                                                             3475 Sheridan Street, Suite 310
                                                             Hollywood, FL 33021
                                                             Telephone: 754-217-3084
                                                             Fax: 954-272-7807
                                                             justin@zeiglawfirm.com
                                                             *Attorneys for Plaintiff*